UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED HARUN (A-249-389-798),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No.  1:26-cv-0118 DJC CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Mohammed Harun (A-249-389-798), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner's sole claim for relief is based on his contention that his prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment.  (Id. at 6.)  For the following reasons, this Court recommends that the petition be granted.

I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On January 8, 2026, petitioner filed his habeas petition.  (ECF No. 1.)  On January 9, 2026, petitioner filed a motion for a temporary restraining order.  (ECF No. 6.)  On January 26, 2026, the district court joined other district courts which have concluded that the unreasonably prolonged detention of individuals such as petitioner under section 8 U.S.C. § 1225(b) without a bond hearing violates the Due Process Clause.  (ECF No. 13 (citing Abdul-Samed v. Warden of Golden State Annex Det. Facility, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (citation omitted)).  The district court found that petitioner's seventeen month detention and the asylum officer's finding of credible fear compelled the court to reach petitioner's likelihood of success on the merits, concluding that petitioner has a liberty interest in freedom from detention, and that petitioner established a likelihood of success on the merits of his due process claim after applying the three factor test under Mathews v. Eldridge, 424 U.S. 319, 335 (1976).  (ECF No. 13 at 5-8 (citing Banda v. McAleenan, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019) (holding noncitizen detained for seventeen months under § 1225 without a bond hearing was likely to succeed on the merits of due process claim and entitled to a bond hearing); Abdul-Samed, 2025 WL 2099343, at *8 (same for noncitizen detained for 16 months).) The district court then found that petitioner would suffer irreparable harm absent preliminary

---

[1] The factual and procedural background previously presented in the district judge's January 26, 2026 order is incorporated herein.  (See ECF No. 13.)

2

relief, and that the equities and the public interest weigh in favor of petitioner.  (ECF No. 13 at 8-9.)  The district court granted petitioner's motion for a temporary restraining order, and ordered respondent to afford petitioner a constitutionally adequate bond hearing before an immigration judge at which the government shall bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a flight risk.  (Id. at 9.)

The district court also directed respondent to show cause why the court should not issue a preliminary injunction on the same terms as the January 26, 2026 order.  (Id. at 10.)  On January 29, 2026, respondent filed an opposition to the motion for a preliminary injunction, resting on his prior arguments that as an "applicant for admission," within the meaning of 8 U.S.C. § 1225, petitioner is subject to mandatory detention under 1225(b)(1) and thus ineligible for a bond hearing.  (ECF Nos. 11, 15.)  Petitioner replied that his detention was unreasonably prolonged, and he does not pose a flight risk or danger to the community.  (ECF No. 16.)  On February 9, 2026, the district court noted respondent's failure to provide any new arguments in opposition to the motion for preliminary injunction, and granted the preliminary injunction for the reasons set forth in the order granting the motion for a temporary restraining order (ECF No. 13).  (ECF No. 19 at 2.)  Petitioner had previously been granted a bond hearing and been released from custody, and the district court ordered respondent not to impose any additional restrictions on petitioner, such as electronic monitoring or an ankle monitor, unless that was determined to be necessary at a future pre-deprivation/custody hearing.  (Id.)  In addition, the district court enjoined and restrained respondent from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  (Id.)  Also, the district court ordered that at any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On February 24, 2026, in response to this Court's further briefing order, and after a brief extension of time, respondent filed a response incorporating his arguments from the prior motion

3

to dismiss (ECF No. 11).  (ECF No. 23.)  Respondent provided a copy of petitioner's January 30, 2026 Order of Release on Recognizance.  (ECF No. 23-1.)  Petitioner submitted no additional briefing, and briefing is closed.  (See Docket.)

This Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondent violated petitioner's Fifth Amendment due process rights by detaining him for a prolonged period without a bond hearing.  See Banda, 385 F. Supp. 3d at 1117; Abdul-Samed, 2025 WL 2099343, at *6, 8.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondent from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have counsel present.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondent from re-arresting or re-detaining petitioner Mohammed Harun (A-249-389-798) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

4.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/haru0118.157.2241.imm

5